## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PHILIP A. DOWNEY,

      Plaintiff,

v.                                         No. 1:25-cv-00487-LF

FCA US LLC,

      Defendant.

## ORDER TRANSFERRING CASE TO THE EASTERN DISTRICT OF PENNSYLVANIA

Plaintiff asserted claims against Defendant pursuant to the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law and the New Jersey Consumer Fraud Act, and for unjust enrichment arising from Plaintiff's purchase of an automobile in Pennsylvania and subsequent failure of the automobile's engine. *See* Complaint, Doc. 1, filed May 23, 2025. Plaintiff alleged that "Defendant's authorized automobile dealerships act as Defendant's agents in, *inter alia*, servicing automobiles under the Alfa Romeo name and disseminating vehicle information provided by Alfa Romeo to customers." Complaint at 2. Plaintiff states:

> his Alfa Romeo Stelvio's engine [] inexplicably died with less than 60,0000 miles on the odometer, and despite having been regularly, and exclusively, serviced, at exorbitant costs at authorized Alfa Romeo dealerships. Alfa Romeo could not tell Plaintiff why his engine failed and refused to address his concerns that they are manufacturing and marketing a vehicle with an engine not engineered and designed to last a mere 60,000 miles!

Complaint at 1. Plaintiff purchased and regularly serviced his vehicle in Pennsylvania until June 2018 when he moved to New Jersey and all subsequent service and repairs were performed in New Jersey. *See* Complaint at 7, ¶¶ 22-23. The engine in Plaintiff's vehicle failed in New Jersey and a dealership in New Jersey determined that the engine was incapable of being repaired. *See* Complaint at 8, ¶¶ 30-31.

Plaintiff seeks relief pursuant to Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*. ("UTPCPL") *See* Amended Complaint at 12, Doc. 4, filed June 16, 2025. The Pennsylvania UTPACPL provides:

> Any person who *purchases* or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater.

73 P.S. § 201-9.2 (emphasis added). Plaintiff also asserts a claim pursuant to the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2, arising from Plaintiff's purchase and installation of a new engine in New Jersey in 2021. *See* Amended Complaint at 12, 14.

The Court notified Plaintiff it appears the District of New Mexico is not the proper venue for this action because there are no allegations showing that Defendant resides in New Mexico or that the acts and omissions giving rise to Plaintiff's claims occurred in New Mexico. The statute governing venue in general states:

> **Venue in general.**--A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b); *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010) ("Section 1391(a)(2) instead contemplates that venue can be appropriate in more than one district ... [and] permits venue in multiple judicial districts as long as a substantial part of the

underlying events took place in those districts") (quotation marks and citation omitted).  "The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a) (emphasis added).

> Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would be barred by a statute of limitations if filed anew in the proper forum, *e.g. Haugh v. Booker,* 210 F.3d 1147, 1150 (10th Cir.2000) (citing *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir.1997)), whether the claims alleged are likely to have merit, *e.g. Haugh,* 210 F.3d at 1150 (citing *Phillips,* 173 F.3d at 610), and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction, *Trierweiler,* 90 F.3d at 1544 ("[I]t is not in the interest of justice to transfer where a plaintiff either realized or should have realized that the forum in which he or she filed was improper.").

*Young v. State Government of Oklahoma*, 98 Fed.Appx. 760, 763-764 (10th Cir. 2004).

The Court ordered Plaintiff to show cause why the Court should not dismiss or transfer this case for improper venue and to file an amended complaint that contains allegations showing that the District of New Mexico is the proper venue or that it is in the interest of justice to transfer this case to another district in which it could have been brought.

Plaintiff responded contending that the District of New Mexico is a proper venue for several reasons.  First, Plaintiff states this Court "has allowed jurisdiction and found proper venue over out of state parties with no contacts to New Mexico, and in which no facts at issue occurred within New Mexico, simply because of a forum selection clause was contained in a sub contracts, referenced within a sub contract performance bond."  [sic] Response to Order to Show Cause at 4, Doc. 5, filed June 16, 2025 ("Response").  Plaintiff has not identified any contract with a forum selection clause relevant to this case; Plaintiff only states "Defendant conducts business in New Mexico on a [d]aily [basis]."  Response at 4.  Plaintiff also asserts that this case pertains to "the defectively designed vehicle that [Defendant] knew were defective and yet opted

to sell the [automobile] to unsuspecting consumers, such as Plaintiff" and "Discovery concerning what defendant knew" regarding the automobile would occur "at Defendant's Michigan U.S. HQ, and/or in Europe where the vehicle was engineered designed and manufactured." Response at 5-6. Plaintiff concludes venue is proper in New Mexico pursuant to 28 U.S.C. § 1391(b)(3) because "there is no district per se where this action may be b[r]ought that is superior to Plaintiff's choice of forum here in the state of his domicile, New Mexico" because Defendant "conducts business throughout the USA, Plaintiff is domiciled in New Mexico" and "the laws of various states are at issue as Plaintiff was defrauded on several occasions by" Defendant. Response at 6.

The Court concludes that the District of New Mexico is not a proper venue for this case because there are no allegations that any of the events or omissions giving rise to the claim occurred in the District of New Mexico. The Court concludes the Eastern District of Pennsylvania is a proper venue because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania. Plaintiff purchased the automobile in Chadds Ford, Pennsylvania, and "the purchase was secured by representations that were knowingly false when made, or were made with reckless disregard for the their [sic] truth and reliability, by Defendant and its agents." Amended Complaint at 10, 13. The Court finds it is in the interest of justice to transfer this case to the Eastern District of Pennsylvania because Plaintiff's claims do not appear to be frivolous. *See Young v. State Government of Oklahoma*, 98 Fed.Appx. 760, 763-764 (10th Cir. 2004) (listing factors to consider in deciding whether a transfer is in the interests of justice including whether the claims alleged are likely to have merit).

   **IT IS ORDERED** that this action is **TRANSFERRED** to the Eastern District of
Pennsylvania.

                                          Laura Fashing
                                          United States Magistrate Judge